IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BRENDA J. CARLSON** | § | |
| **THOMAS R. GANDY** | § | |
| | § | |
| **V.** | § | **A-10-CA-130-AWA** |
| | § | |
| **DET. SHAWN LAPUSZYNSKI** | § | |

## ORDER

Before the Court are the Plaintiffs' Motion to Compel (Clerk's Doc. No. 52); Defendant's Response (Clerk's Doc. No. 53); Plaintiffs' Reply (Clerk's Doc. No. 54); and Defendant's Sur-Reply (Clerk's Doc. No. 55).[1]

The Plaintiffs filed a motion to compel discovery responses to two of their requests for production: Request 2, which sought "all reprimands and/or commendations received by the Defendant;" and Request 9, which sought the "Defendant[']s telephone records for the period of August 2009 – October 2009. These are to include Defendant[']s landline and cellular telephone." In response to Request 2, Det. Lapuszynski provided an Internal Affairs summary demonstrating that he has never been reprimanded, and as to Request 9, objected to providing his phone records—besides the phone records from his work phone for September 1, 2009—because the request was "overly broad and not relevant to the sole remaining claim."

In response to the Plaintiffs' request for reprimands, Lapuszynski provided an Internal Affairs summary, reflecting no complaints against him. He also produced his performance reviews. Further, Texas law instructs that documents relating to a disciplinary action be removed from an officer's

---

[1]The Defendant did not seek leave to file a sur-reply, as required under local rule 7(e). However, the sur-reply provided additional evidence germane to the discussion and responsive to new information provided in the Plaintiffs' reply, so the Court considered it in its decision.

personnel file "if the commission finds that (1) the disciplinary action was taken without just cause, or (2) the charge of misconduct was not supported by sufficient evidence." TEXAS LOCAL GOV'T CODE §§ 148.089(c)(1), (2). The Plaintiffs did not specify any particular incident, and Lapuszynski sufficiently responded to their request. The Plaintiffs can ask him questions during a deposition if they desire further information. Accordingly, the motion to compel Lapuszynski to provide further documentation in response to Request 2 is DENIED.

Plaintiffs also request Lapuszynski's cellular and land line phone records from August to September of 2009. They appear to want the records related to their belief that Lapuszynski spoke with Margaret Reeves' attorney, and to disprove that Lapuszynski made a phone call to Gandy in September 2009. It also appears that Plaintiffs believe the records will support their claim that Lapuszynski fabricated evidence to support his description of the incident in the warrant affidavit. As the Plaintiffs' motion puts it, Plaintiffs "are working with the knowledge that Detective Lapuszynski had contact with Margaret Reeves' criminal attorney," which they feel supports their theory that "Det. Lapuszynski aided in the fabrication of this entire incident."

In the Plaintiffs' reply, they attempt to clarify their request for Lapuszynski's phone records, indicating that they believe the records will show that Lapuszynski failed to return a call from Gandy in reference to the protective order entered against Reeves. In Lapuszynski's sur-reply, he provides the Plaintiffs with a copy of his work phone's records to demonstrate that he called Gandy on September 1, 2009. Thus, to the extent that the Plaintiffs are requesting the records related to the claim that Lapuszynski had not called Gandy, it appears that the motion is now moot.

It also appears, however, that Plaintiffs still want the phone records to more generally determine if Lapuszynski fabricated his story. The Plaintiffs have failed to demonstrate that this

request is sufficiently likely to result in discoverable evidence to outweigh the invasion of privacy that occurs when an individual is compelled to produce his phone records. Moreover, it is unclear what information the records would provide that is relevant to this case. The crux of the Plaintiffs' claim is that Lapuszynski provided false information to obtain an arrest warrant for the Plaintiffs. That claim will stand or fall based on the Plaintiffs' ability to prove that the statements contained in Lapuszynski's affidavit are false. The Plaintiffs fail to explain how the phone records are relevant to this question. Given that the phone records are not central to the case, indeed, that they at best relate to collateral issues in the case, requiring their production would be unreasonable and unduly burdensome, and potentially harassing, and the Court will deny the request that Lapuszynski be ordered to produce the records. *See* FED. R. CIV. P. 26.[2]

For the aforementioned reasons, the Plaintiffs' Motion to Compel (Clerk's Doc. No. 52) is HEREBY DENIED.

SIGNED this 15th day of February, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[2] Again, the Plaintiffs are free to pursue their theory by questioning Lapuszynski at a deposition, and if they can demonstrate the relevance of records of calls by Lapuszynski to Reeves' attorney they may reurge their document request at that time.