**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRENDA J. CARLSON** | § | |
| **THOMAS R. GANDY** | § | |
| | § | |
| **V.** | § | **A-10-CA-130-AWA** |
| | § | |
| **DET. SHAWN LAPUSZYNSKI** | § | |

<u>**ORDER**</u>

Before the Court is the Defendant's Motion to Quash Deposition Subpoenas (Clerk's Doc. No. 57). The Court held a hearing on the motion on February 25, 2011. Further, during the hearing, the parties submitted by agreement additional discovery issues for resolution by the Court. The Court announced its rulings on all of these various issues from the bench, and this order is entered to memorialize those on-the-record rulings.

First, with regard to the Defendant's Motion to Quash Deposition Subpoenas (Clerk's Doc. No. 57), the Court GRANTS the motion as to the subpoena addressed to Officer Joshua Sneed, because that deposition is outside the scope of permissible discovery. Officer Sneed's sole connection to the case arises from arresting the Plaintiffs on the warrant authorized on Det. Lapuszynski's affidavit. There is no claim in this case attacking the manner in which the warrant was executed. Accordingly, the Court HEREBY QUASHES the subpoena to depose Officer Sneed.

With regard to the remaining depositions, the Court will DENY the motion, and the Plaintiffs may take the depositions of Mary Massey, Margaret Reeves, Detective Lapuszynski, Officer Robert Cameron, and Officer Andrew McRae. Further, the four officers who assisted or acted as backup to Officer Cameron on September 26, 2009, may also be deposed, however the Court recommends

that the Plaintiffs complete the depositions of the other witnesses first, as discovery from these officers may not be necessary once these initial depositions are completed.

Further, the Court ORDERS that Plaintiffs serve copies of all deposition subpoenas or notices they issue on counsel for the Defendant. Fed. R. Civ. P. 30(b)(1). The Court also ORDERS that the Plaintiffs confer with Ms. Edwards before scheduling depositions, so that agreed upon dates can be identified for the depositions.

The Court also considered the Plaintiffs' objection to providing Lapuszynski with their medical records and earning statements. As discussed during the hearing, both of these categories of records are relevant to the Plaintiffs' damage claims. The Court will therefore allow the Defendant to discover from Plaintiffs their medical and wage records from the past five years, beginning on January 1, 2005, and Plaintiffs are HEREBY ORDERED to either provide the records or an appropriate release to allow Defendant to obtain the records from the medical providers. The parties are also ORDERED to submit a form protective order consistent with that adopted as part of this Court's local rules. *See* http://www.txwd.uscourts.gov/forms/docs/district/protective_order.pdf.

The parties should also contact the Travis County Judge who issued the protective order requiring that Gandy have no contact with Reeves, and request an exception for Gandy to attend the Reeves deposition. As a party to the case, Gandy is entitled to be present at Reeves's deposition (although he may in his discretion choose to stay away). At the hearing, Edwards contended that both Reeves and Massey fear for their safety at a deposition. The Court suggested that the Defendant could no doubt arrange for a police officer to be present if the women were afraid of Gandy, but Ms. Edwards stated that would not be necessary. At the same time, Ms. Edwards continually commented that Massey and Reeves would be without counsel at a deposition, and that given their fear, the lack

of a lawyer counseled in favor of not allowing the depositions.  These positions are puzzling.
Lawyers are not bodyguards.  Nor are witnesses entitled to lawyers.  If Ms. Edwards feels that
Massey and Reeves' fear is legitimate, then she has the ability to address that by having an officer
present for the depositions.  But neither their fear, nor their lack of counsel are reasons for quashing
the depositions.

As for the location for the depositions, the Court believes that both a conference room in a
court reporter's office, and a conference room at City Hall are suitable locations, and the parties
should agree on a location for each deposition.  Failing that, the party noticing the deposition may
set the location of the deposition in one of these two venues.

With regard to the depositions that will be taken by the Plaintiffs, the Court strongly reminds
the Plaintiffs they must restrict their questions to the facts underlying this lawsuit: facts pertaining
to whether Lapuszynski provided a complete and true account of the situation that led to their arrest
warrant.  The Plaintiffs shall not use a deposition to explore unrelated issues between themselves
and Reeves.

On a final note, before filing motions alleging misconduct, the parties should attempt to
resolve their problems on their own.  *See generally* Local Rule for the Western District of Texas AT-
4.  The parties have now filed two motions to quash and one motion to compel.  The Court's
patience wanes with each subsequent filing.  This pattern of running to the court every time the
parties disagree shall not continue.  The Court directed the parties to meet immediately following
the February 25th hearing to agree on a schedule for the depositions, and was chagrined to learn from
Court staff that the meeting did not last more than a few minutes because the Plaintiffs refused to
converse about potential dates. The Court cautions the Plaintiffs that, despite their pro se status, they

3

are still expected to conduct themselves in accordance with the local rules, and this Court's directives.  In short, all parties should consider themselves warned, and the Court is likely to impose sanctions if it is forced to address yet another discovery issue because the parties are unable to reach agreements on matters that should not require expenditure of judicial time. If either party feels compelled to file another motion on a dispute, they shall include detailed reasons in the certificate of conference why it merits judicial resources to resolve and prepare to substantiate them.

For all of these reasons, the Court HEREBY GRANTS IN PART AND DENIES IN PART the Defendant's Motion to Quash Deposition Subpoenas (Clerk's Doc. No. 57) as set forth above.

SIGNED this 28th day of February, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE