IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRENDA J. CARLSON | § | |
| THOMAS R. GANDY | § | |
| | § | |
| V. | § | A-10-CA-130-AWA |
| | § | |
| DET. SHAWN LAPUSZYNSKI | § | |

**ORDER**

Before the Court is Detective Shawn Lapuszynski's Motion for Costs (Clerk's Doc. No. 88) and the Plaintiffs' Response (Clerk's Doc. No. 89). The Court granted Lapuszynski's motion for summary judgment (Clerk's Doc. No. 86) and entered final judgment (Clerk's Doc. No. 87). In the final judgment order, the Court ordered "that each party bear their own costs." *Id.*

The City of Austin, which represented Detective Lapuszynski, asks the Court to award the City its costs ($2,717.70) as the prevailing party according to the federal rules. FED. R. CIV. P. 54(d) ("[C]osts . . . should be allowed to the prevailing party."). An award of costs is not automatic, for the court has discretion about whether to award costs. *See Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (reviewing a district court's decision to deny costs under an abuse of discretion standard).

At the same time, Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs: the Fifth Circuit has held that the prevailing party "is prima facie entitled to costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). For a court to deny costs, it must articulate a reason for its denial. *Id.* Although the Fifth Circuit has not articulated particular justifications for denying costs, Wright & Miller offers a compilation of cases where courts have denied the prevailing

party costs. *See* 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2668 (3d. ed. 1998).

Several factors counsel against awarding costs to the City. First, to a not insignificant extent, the City's actions are partially responsible for the Plaintiffs' suit. Despite the Court finding Lapuszynski not liable for damages, the City could have possibly avoided the lawsuit entirely if the officers responding to the initial dispute in this matter had not arrested Margaret Reeves. That arrest escalated the situation. Further the officers who responded to later calls in the case failed to thoroughly document issues that became important in this case. In particular, the reporting officer on the September 26, 2009 incident failed to document that Reeves suffered an injury to her head on that date and failed to probe why she was reluctant to cooperate with officers on that date—something that Det. Lapuszynski eventually did investigate.

Second, the Plaintiffs had more than merely a non-frivolous claim—on its face, their complaint alleged a plausible factual scenario that could lead to a legitimate claim. *See* Report and Recommendation (Clerk's Doc. No. 39) (dismissing most of the Plaintiffs' claims but keeping their § 1983 claim against Lapuszynski). Further, the Plaintiffs survived a motion to dismiss, even after the Court ordered the City to supplement its motion because it "only cursorily addresses the causes of action brought in Plaintiffs' Complaint." Clerk's Doc. No. 29. This also counsels against awarding the City costs.

Third, when they filed suit the Plaintiffs did not have access to much of the relevant information in this case. They based their lawsuit on their arrest and the subsequent dismissal of the charges for insufficient evidence, and before filing suit they could not have ascertained what precipitated either event. The Court recognized this disparity and its concerns with the police reports

and probable cause affidavit in its order granting in part and denying in part the Defendants' motion to dismiss. *See* Clerk's Doc. No. 39 at 9–10. Until discovery, the Plaintiffs could not ascertain whether their claims were meritorious. Although Detective Lapuszynski performed a probing investigation and provided all material information to Judge Denton, the Plaintiffs did not know the details of his investigation until the City produced documents and the Plaintiffs deposed Lapuszynski.

Finally, the Plaintiffs suffer poor financial health. The City points to its own financial hardships to support an award of costs in this case, but ignores the Plaintiffs' financial condition. Requiring the Plaintiffs to pay $2,717.70 in costs would substantially affect their finances. The Court denied the Plaintiffs *in forma pauperis* status (Clerk's Doc. No. 2), but that was based on Gandy's father giving them a loan. If the City would like the Court to consider its financial condition, then the Court should also consider the Plaintiffs'. The Plaintiffs have not had prolonged, uninterrupted periods of employment (at least partially because of their arrest), they do not have much in savings or assets, and they lived with Reeves for months to save money.

For the aforementioned reasons, the Court HEREBY DENIES Detective Shawn Lapuszynski's Motion for Costs (Clerk's Doc. No. 88). As per its previous order, each party shall bear their own costs.

SIGNED this 28th day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE